UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA WILSON and
MARTHA BEHRENDT,                        Case No. 19-cv-13042

                    Plaintiffs,          Paul D. Borman
                                         United States District Judge
v.

ERIC HARTUPEE,
HAROLD J. POHL, INC., and
POHL TRANSPORTATION, INC.,

                    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, WESTERN DIVISION

        This case is before the Court on the parties' joint Stipulation to Transfer to the

Northern District of Ohio, Western Division.  (ECF No. 8, "Joint Stipulation".)  On

October 16, 2019, Plaintiffs Angela Wilson and Martha Behrendt filed a Complaint

in this Court for monetary damages.   (ECF No. 1, Complaint.)  Plaintiffs allege that

on May 20, 2019, they were passengers in a vehicle driven in Troy, Ohio when their

vehicle was struck by a semi-trailer owned by Defendants Harold J. Pohl, Inc. and

Pohl Transportation, Inc. and driven by Defendant Eric Hartupee.  (*Id.*)  Plaintiffs

allege they are both Michigan residents, Defendants Harold J. Pohl, Inc. and Pohl

Transportation, Inc. are Ohio corporations, Defendant Eric Hartupee is an Indiana

resident, and that "[t]he automobile accident giving rise to this cause of action occurred within the confines of the State of Ohio." (*Id.* ¶¶ 1-5.) All Defendants have been served. The parties now jointly stipulate to transfer this case to the Northern District of Ohio, Western Division. (Joint Stipulation.)

The proper venue in civil actions is the judicial district where (1) any defendant resides if all the defendants are residents of the State in which the district is located, (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated, or (3) any defendant is subject to the court's personal jurisdiction if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). In this case, Plaintiffs state that the events giving rise to their Complaint occurred in Troy, Ohio, located in Miami County. In addition, the two corporate defendants are Ohio corporations, with their principal places of business in Versailles, Ohio, located in Darke County. Both Miami County and Darke County lie within the geographical confines of the Western Division of the Southern District of Ohio. However, for venue purposes in a state like Ohio, "which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, *such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State*[.]" 28 U.S.C. § 1391(d)

(emphasis added); *see also id.* § 1391(c)(2) providing that "an entity … shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). By filing the Joint Stipulation, the parties stipulate that venue (and personal jurisdiction) is proper in the Northern District of Ohio, Western Division.

Under 28 U.S.C. §§ 1404(a) and 1406(a), a district court may transfer a civil action to any other district where it might have been brought or to any district or division to which all parties have consented. *See Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013) (Section 1404(a) "permits transfer to any district where venue is also proper (*i.e.,* 'where [the case] might have been brought') or to any other district to which the parties have agreed by contract *or stipulation*.") (emphasis added); *Carver v. Knox Cty., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989) ("[A] district court may transfer a case *sua sponte*."). When deciding whether to transfer a case pursuant to §§ 1404(a) and 1406(a), the Court must balance several considerations, including whether the transfer will be convenient for the parties and witnesses and in the "interest of justice." *See* 28 U.S.C. §§ 1404(a), 1406(a). The Court should also weigh the convenience of the proposed forum in light of the parties' expressed preference for that venue. *See Lute Supply, Inc. v. Net Pay Solutions, Inc.*, No. 1:11-cv-575-HJW, 2011 WL 13220481, at *2 (S.D. Ohio Nov. 1, 2011) (finding that the plaintiff's initial choice of forum "is not dispositive,

particularly where as here, plaintiff expressly consents to the requested change of venue"). Ultimately, the decision to transfer is within the sound discretion of the Court. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp.2d 845, 849 (S.D. Ohio 2007).

The facts of this case support a transfer to the Northern District of Ohio under this balancing test. First, the Joint Stipulation reflects the parties' desire to transfer this case to the Northern District of Ohio, Western Division. (*See* Joint Stipulation.) Second, the "automobile accident giving rise to this cause of action occurred with the confines of the State of Ohio," and the two corporate defendants reside in Ohio. (Complaint, ¶¶ 3, 5.) The witnesses to the May 20, 2019 automobile/truck accident underlying this lawsuit therefore likely reside in Ohio, and "[w]itnesses' convenience is one of the most important facts in determining whether to grant a motion to change venue under § 1404(a)." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F.Supp.2d 934, 937 (E.D. Mich. 2001). In addition, relevant records underlying the accident and Defendants' corporate records and witnesses are also located in Ohio. Finally, transfer to the Northern District of Ohio at this early stage of the litigation would be efficient and in the interest of justice.

Accordingly, for the convenience of the parties and in the interest of justice, the Court **ORDERS** the Clerk of Court to **TRANSFER** this case to the Western Division of the United States District Court for the Northern District of Ohio pursuant to 20 U.S.C. §§ 1391(b), 1404(a) and 1406(a), and the parties' joint Stipulation (ECF No. 8.)


IT IS SO ORDERED.

Dated: November 19, 2019    s/Paul D. Borman
                 Paul D. Borman
                 United States District Judge